**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:09cv1787 |
| Plaintiff, | : | |
| v. | : | |
| Jerry Vestal, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendants. | : | |

The parties consented to have the undersigned Magistrate enter judgment in this case filed to reduce to judgment tax liens pursuant to 26 U. S. C. § § 7401 and 7403. Pending is Defendants' Motion to Refer Matter to the United States Bankruptcy Court to which Plaintiff and the United States Bankruptcy Trustee filed Oppositions and Defendants filed a Reply (Docket Nos. 32, 33, 34 & 35). For the reasons that follow, Defendants' request to refer this case to the United States Bankruptcy Court is denied.

### I. JURISDICTION.

The scope and extent of this Court's jurisdiction in a case filed to enforce a tax lien is governed by 26 U. S. C. §§ 7402 and 7403. This Court has original jurisdiction over this civil case arising under the laws of the United States pursuant to 28 U. S. C. §§ 1331, 1340 and 1345.

## II. Parties

Plaintiff, the United States Department of Justice, Tax Division, is responsible for both the civil and criminal cases arising under the Internal Revenue Code (IRC) and other tax laws of the United States. Plaintiff seeks to foreclose its liens on two parcels of real property located at 4140 Gilbert Road, Luckey Ohio (the Gilbert Road properties) and two parcels located at 2109 Middleton Pike, Luckey Ohio (the Middleton Pike properties), all in Wood County, Ohio (Docket No. 1).

Defendants Jerry Vestal and Peggy Vestal a.k.a. Peggy Gates, a.k.a. Peggy Vertz have an interest in and/or title to the Gilbert Road and Middleton Pike properties (Docket No. 1).

Defendant Kimberly Vestal, Jerry Vestal's daughter, occupies the Pike property (Docket No. 1, ¶ 25).

Defendant Bobcat® of Columbus (Bobcat®) is an equipment dealer. Defendant Bobcat® has or may claim an interest in the Gilbert Road and Middleton Pike properties (Docket No. 1, ¶ 26).

Defendant the Ohio Department of Taxation administers Ohio's tax laws. It, too, may claim an interest in the real property upon which Plaintiff seeks to foreclose in the amounts of $91,049.24 and $1,453.63 (Docket No. 1, ¶ 27).

## III. Factual Background.

On or about March 9, 1983, Mary Vestal conveyed all right, title and interest in the Gilbert Road property by quit claim deed to Defendant Jerry Vestal. The deed is recorded at the Wood County Recorder's Office (Docket No. 1, ¶ 15). On or about September 12, 1983, Defendant Jerry Vestal conveyed his right, title and interest in the Gilbert Road property to Joseph Teats and Sharon Teats by quit claim deed. The deed was recorded with the Wood County Recorder's Office (Docket No. 1, ¶ 16). On

or about September 19, 1983, Defendants Jerry Vestal, Joseph Teats and Sharon Teats conveyed their rights, title and interest to the Gilbert Road property to the Farmer's Savings Bank of Stony Ridge Farmer's Savings by quit claim deed. This deed, too, was recorded at the Wood County Recorder's Office. Also, on September 19, 1983, Farmer's Savings received two deeds on an order of sale for the previously mentioned Gilbert Road property. Both deeds were recorded at the Wood County Recorder's Office (Docket No. 1, ¶ 17).

On May 7, 1987, Farmer's Savings conveyed its right, title and interest in the Gilbert Road property to Defendant Peggy Gates, a.k.a. Peggy Vestal, by warranty deed. The deed was recorded in the Wood County Recorder's Office. On the same date, Defendant Peggy Gates, a.k.a. Peggy Vestal, conveyed all her right, title and interest in the Gilbert Road property to Defendant Jerry Vestal by quit-claim deed and the deed was recorded in the Wood County Recorder's Office (Docket No. 1, ¶ 18).

On or about February 1, 2000, Neal and Susan Schmeltz, Rae and Dorothy Schmeltz and Roger and Dorothy Schmeltz conveyed their rights, title and interests in the Middleton Pike property to Defendant Jerry Vestal by warranty deed (Docket No. 1, ¶ 19). Defendant Jerry Vestal conveyed the Gilbert Road property to his son, Douglas Vestal, on March 12, 2000, by quit-claim deed. The deed was recorded in the Wood County, Ohio, recorder's office (Docket No. 1, ¶ 20). On or about December 11, 2001, Douglas Vestal died. On or about June 13, 2003, the probate court of Wood County, Ohio, determined that Defendant Jerry Vestal inherited the Gilbert and Pike properties (Docket No. 1, ¶ 21). The administrator of Douglas Vestal's estate conveyed the Gilbert Road and Middleton Pike properties to Defendant Jerry Vestal by quit claim deed on or about August 11, 2003. This deed is unrecorded (Docket No. 1, ¶ 22). On February 27, 2004, the Probate Court for Wood County, Ohio, ordered that the quit claim deed that was not recorded be released to Defendant Vestal's attorney. Defendant Vestal's attorney gave

Defendant Vestal the deed.  The deed was never recorded (Docket No. 1, ¶ 23).  On or about August 11, 2005, an Internal Revenue Service Officer filed a certified copy of the court order which ordered the release of the deed to counsel and the quit claim deed with the Wood County Recorder's Office (Docket No. 1, ¶ 24).  A delegate for the Secretary of Treasury for the United States of America made the following assessments against Jerry Vestal and Peggy Vestal, jointly, for unpaid federal income taxes plus interest and other statutory accruals:

| Taxable Period | Date of Assessment | Unpaid balance of assessment | Balance as of April 30, 2008 |
|---|---|---|---|
| December 31, 1997 | August 4, 2003 | $408,689.45 | $551,826.88 |
| December 31, 1998 | August 4, 2003 | $352,577.41 | $476,063.61 |
| December 31, 1999 | August 4, 2003 | $230,461.07 | $310,116.22 |
| December 31, 2000 | October 11, 2004 | $103,432.45 | $132,332.60 |

    Total    $1,470,339.31

(Docket No. 1, ¶ 10).

Notices and demand for payment were sent to Defendant Jerry Vestal.  He and Defendant Peggy Vestal have failed, neglected or refused to pay the taxes assessed against them in full (Docket No. 1, ¶s 12 & 13).  Consequently, a lien in favor of the United States, pursuant to 26 U. S. C. § 6321 and 6322, has been attached to all of the property and rights to property of Defendants Jerry Vestal and Peggy Vestal in an amount equal to the unpaid assessment plus interest and other accruals permitted by law (Docket No. 1, ¶ 13). Specifically, a delegate of the Secretary of Treasury recorded the following notices of federal tax liens:

| Date Recorded | Tax year(s) | Defendant taxpayer | County |
|---|---|---|---|
| April 3, 2002 | 1995 | Jerry Vestal & Peggy Vestal | Wood County, Ohio |

| March 24, 2004 | 1997, 1998, 1999 | Jerry Vestal | Wood County, Ohio |
| August 26, 2005 | 2000 | Jerry Vestal | Wood County, Ohio |
| August 30, 2006 | 1997, 1998, 1999, 2000 | Jerry Vestal | Hancock County, Ohio |

(Docket No. 1, ¶ 14).

### IV. PROCEDURAL BACKGROUND

On November 28, 2001, Defendant Bobcat® was awarded a default judgment against Defendant Jerry Vestal in the Franklin County Municipal Court for the sum of $1,218.42 plus costs and interest. Www.fcmcclerk.com. In April 2004, Defendant Bobcat filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the **Southern** District of Ohio.

Plaintiff filed this cause of action against Defendants Jerry Vestal, Peggy Vestal, Kimberly Vestal, Bobcat® and the State of Ohio in July 2009. All parties have been served. Defendants Jerry Vestal, Peggy Vestal, Kimberly Vestal and the State of Ohio filed Answers to the Complaint (Docket Nos. 8, 9, 10, & 12). On November 3, 2009, Plaintiff moved the United States Bankruptcy Court to lift the automatic stay *nunc pro tunc* and to allow the substitution of the Bankruptcy Trustee for Defendant Bobcat®. On January 25, 2010, the Bankruptcy Court ordered that Eleanor Beavers Haynes, the Chapter 7 Trustee in the bankruptcy case captioned *In re Bobcat of Columbus* be substituted for Defendant Bobcat. Consequently, Bobcat was dismissed as a party. Eleanor Beavers Haynes waived service of summon and filed an Answer. Defendants seek an order referring this case in its entirety to the bankruptcy court.

### V. REFERENCE TO BANKRUPTCY COURT STANDARD OF REVIEW

Reference to bankruptcy courts of bankruptcy matters is governed by 28 U.S.C. § 157(a). *McDaniel v. ABN Amro Mortgage Group,* 364 B. R. 644, 647 (S. D. Ohio 2007) (*citing Elder–Beerman,* 1997 WL 1774875, * 1 (S. D. Ohio 1997). Section 157(a) provides that a district court may provide that any or all cases in any of the four categories under Title 11 shall be referred to the bankruptcy judges for

the district. *Id.* Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11. 28 U. S. C. § 157(b)(1) (Thomson Reuters 2011). This district has provided for such reference in General Order No. 84 which provide any and all cases under Title 11 and any or all proceedings arising under Title II or arising in or related to a case under Title 11 shall be referred to the Bankruptcy Judges for the district.

Subject matter jurisdiction over bankruptcy matters is conferred on district courts by 28 U.S.C. § 1334. *Id.* (*citing In re Elder–Beerman Stores,* 1997 WL 1774875 at *1 (S. D. Ohio 1997)). Section 1334 establishes four categories of cases which are within the jurisdiction of the district court. *Id.* (*citing In re Nationwide Roofing & Sheet Metal, Incorporated,* 130 B. R. 768, 772 (Bankr. S. D. Ohio 1991)). The four categories are in two groups that distinguish between "cases" and "proceedings." *Id.*

First, Section 1334 provides that district courts have **original and exclusive** jurisdiction of all "cases under" Title 11. *Id.* at fn. 3 (*citing Elder–Beerman, supra*, 1997 WL 1774875 at *1). Section 1334 also provides that district courts have **original but not exclusive jurisdiction** over three additional categories of cases. *Id.* (*citing Elder Beerman, supra*, 1997 WL 1774875 at *1). The three additional categories are all civil "proceedings arising under" Title 11, all civil "proceedings arising in" a case under Title 11 and all civil "proceedings related to" cases under Title 11. *Id.* (*citing Elder Beerman*, *supra*, 1997 WL 1774875 at *1*; see also Nationwide,* 130 B. R. at 772–73).

The second category, civil "proceedings arising under" Title 11, includes federal question claims where relief is sought based upon a right created by Title 11. *Id.* (*citing Adelphia, supra*, 307 B. R. at 413). Examples of "proceedings arising under" Title 11 include causes of action to recover fraudulent conveyances and avoidance actions. *Id*. (*citing In re United Security & Communications, Incorporated,* 93 B. R. 945, 951 (Bankr. S. D. Ohio 1988)). Many "arising under proceedings" litigated in bankruptcy

6

cases also fall into the "proceedings arising in" category. *Id.* (*citing Adelphia*, *supra*, 307 B. R. at 413–14).

The third category, a civil "proceedings arising in" a case under Title 11, is a proceeding that is based not on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy. *Id.* (*citing Nationwide, supra*, 130 B. R. at 773 (*citing Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Examples of "proceedings arising in" a case under Title 11 include administrative matters; counterclaims by the estate against persons filing claims against the estate; orders to turn over property of the estate and determinations of the validity, extent or priority of liens. *Id.* (*citing United Security, supra*, 93 B. R. at 951).

The fourth category, civil "proceedings related to" cases under Title 11, are proceedings from which the outcome could conceivably have an effect on the estate being administered in bankruptcy. *Id.* (*citing Nationwide, supra*, 130 B. R. at 773). An example of "proceedings related to" case under Title 11 is a state law cause of action brought by a debtor against an insurance company for fraud. *Id.* (*citing Beasley*, 279 B. R. at 523).

**VI. DISCUSSION O F THE MOTION TO REFER CASE TO THE BANKRUPTCY COURT.**

Defendants Jerry Vestal, Kimberly Vestal and Peggy Vestal, argue that pursuant to General Order 84 entered on the record on July 16, 1995, in the United States Bankruptcy Court for the **Northern** District, all cases "related to a case under Title 11 shall be referred to the Bankruptcy Judges of the District."

The United States Bankruptcy Court for the Southern District asserts that this case is properly before the District Court because Defendant Bobcat, a mere claimant in this case, filed for bankruptcy in the Southern District of Ohio. In fact, the United States Bankruptcy Court for the Southern District has granted Plaintiff relief from the stay to proceed in the case captioned *United States v. Vestal* in this Court.

The Bankruptcy Trustee intends to abandon the potential judgment lien pursuant to her authority

7

under 11 U. S. C § 554(a) as the benefits to the estate would be inconsequential to the estate.

Plaintiff also objects to referring this case to the Bankruptcy Court since this Court and "its bankruptcy unit" have no subject matter jurisdiction. The terms "arising under Title 11" signifies an action commenced in the federal district court or bankruptcy court with the filing of a petition pursuant to 11 U. S. C. §§ 301, 302 or 303. Further, this is not a core proceeding arising under Title 11 in that the relief sought by Plaintiff is not created by bankruptcy law and exists outside of the bankruptcy.

This case does not arise under Title 11. It arises under Title 26. Relief can only be provided under Title 26. Thus, this case arises outside the bankruptcy proceeding. Now that the Bankruptcy Trustee has expressed an intent to abandon the Bobcat® claim against the Vestal Defendants, the outcome of this proceeding could not conceivably have any effect on or relate to the Bobcat® estate being administered in bankruptcy. The resolution of Plaintiff's claims requires consideration of non-bankruptcy laws. Thus, the Magistrate declines the request to refer this case to the Bankruptcy Court.

### VII.  CONCLUSION.

For these reasons, the Motion to Refer Matter to Bankruptcy (Docket No. 32) is denied. All counsel and parties will take notice that the above-entitled action has been scheduled for a telephone status conference on **Monday, May 9, 2011,** at **11:00 a.m.** with Magistrate Judge Vernelis Armstrong for purposes of setting a deadline for the filing of dispositive motions . The Court will initiate this call.

**IT IS SO ORDERED**.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   April 27, 2011